**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF GEORGIA**
**ATLANTA DIVISION**

FILED IN CLERK'S OFFICE
U.S.D.C. Atlanta

SEP 2 1 2023

KEVIN P. WEIMER, Clerk
By: _____ Deputy Clerk

| | | |
|---|---|---|
| ALAN RHODES and | ) | |
| ALEXANDRA RHODES, | ) | |
| ) Plaintiffs, ) | | |
| | ) | CIVIL ACTION FILE NO. |
| v. | ) | 1:22-cv-04816-MHC |
| | ) | |
| EL TORRO INVESTMENTS, LLC, | ) | |
| REYNALDO UBALLE, | ) | |
| and APRIL LIEBERMAN, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

**DEFENDANT LIEBERMAN'S ANSWER**
**TO THE COMPLAINT**

I. **THE PARTY FILING THIS ANSWER TO THE COMPLAINT.**

| | |
|---|---|
| Name: | April Lieberman |
| Street Address: | 208 W. Maple St. |
| City and County: | Dresden, Weakley County |
| State and Zip Code: | Tennessee 38225 |
| Telephone: | (731) 333-2920 |
| Email: | aprillieberman@gmail.com |

1

## II.    THE ANSWER TO THE COMPLAINT

### ANSWERING THE CLAIMS FOR RELIEF

1.    Defendant April Lieberman ("Lieberman") admits the allegations of Paragraph 1 of the Complaint for Declaratory Judgment and to Remove Cloud Upon Title brought by Plaintiffs Alan Rhodes and Alexandra Rhodes (the "Rhodes" or "Plaintiffs").

2.    Lieberman believes the allegations of Paragraph 2 to be true to the best of her knowledge and information.

3.    Lieberman believes the allegations of Paragraph 3 to be true to the best of her knowledge and information as to Defendant El Torro Investments, LLC ("El

Torro") being a limited liability company registered in Ohio, and with Defendant Reynaldo Uballe, Jr., ("Uballe") being its Registered Agent. She, however, refers the Court to the disputed citizenship of El Torro as an LLC which is at issue in the related case before this Court, El Torro v. Lieberman, No. 1:21-cv-04679 (N.D. Ga. filed Nov. 21, 2021) ECF No. 32 (PACER) (the El Torro or Georgia case). In that case El Torro and Uballe spoilt diversity jurisdiction on the face of their Complaint by alleging Lieberman was added as a member of El Torro (Ga. No. ) which, taking their allegations as true, would have conferred Lieberman's Tennessee citizenship onto El Torro, given that LLCs are attributed the citizenship

of each individual member. Lieberman has attacked diversity jurisdiction in her

Rule 60(b) Motion to Vacate the Default Judgment and Set Aside the Clerk's

Entry of Default, and for Reconsideration of the Order of Feb. 2, 2023, Due to

Errors of Fact and Law, filed June 30, 2023 and currently pending before this

Court.

4.   Lieberman believes the allegations of Paragraph 4 to be true to the best of
     her knowledge and information.

5.   Lieberman admits the allegations of Paragraph 5.

6.   Lieberman admits the allegations of Paragraph 6 as to her being a citizen of
     the State of Tennessee, and believes Uballe's citizenship to be of the State
     of

Ohio, to the best of her knowledge and information. As to the citizenship of El

Torro, which is an LLC, she refers the Court to the allegations El Torro and Uballe

made in their Complaint (Ga. No. 1) in their other case before this Court, in which

they alleged that Lieberman had been added as a member of El Torro (Ga. No. 1 at

Para. 14 and Ex. A at 1, 8-12), which, if taken as true, would confer her citizenship

onto El Torro, making it a dual citizen of both Tennessee (through Lieberman) and

Ohio (through Uballe). Such allegations are insufficient to support diversity

jurisdiction under 28 U.S.C. § 1332 in the other Georgia case against Lieberman,

and El Torro and Uballe should be judicially estopped from claiming otherwise in

3

this case. El Torro having dual citizenship of both Ohio and Tennessee would not

negatively impact diversity jurisdiction in the instant case, however, where the

Rhodes Plaintiffs are residents and citizens of the State of Georgia.

7.  Lieberman admits the allegations of Paragraph 7 as to the Court's personal

jurisdiction over her, in that she was the sole legal owner of the real

property located at 4827 Springfield Dr., Dunwoody, Georgia 30338, from

June 2006 until Feb. 2022, at which time she sold the property to the

Rhodes. El Torro and Uballe have never had an ownership interest in any of

Lieberman's real estate properties. Nor did they have a contract regarding

any of Lieberman's real properties, including the one at issue in this case.

Lieberman is not aware of whether either El Torro or Uballe has ever

owned, used, or possessed any real property within the State of Georgia.

Nor does she have sufficient knowledge and information to be able to

confirm or deny whether those defendants have contacts within Georgia

sufficient to confer personal jurisdiction in this case. Lieberman further

denies ever transacting or purporting to transact business with El Torro or

Uballe, in Georgia or elsewhere. Lieberman admits that she was in a

personal romantic relationship with Uballe after meeting him through an

online dating app in June of

2020 (Ga. No. 13 at Paragraphs 8, 14-16, 19, 20, 23-24, 38-41, 45, 49, 76, 86-91, 101, 103-105, 134, 185-355, 357-360, 362-365, 367-370, 372-379, 381-388).

Lieberman ended this relationship in October of 2021 after Uballe admitted to her in a series of drunken text messages that he had been cheating on her with men throughout their relationship (Ga. No. 13 Paragraphs 8, 22-23, 76, 93, 106-114, 122, 124-128, 134, 137-143, 147-148, 264-355, 357-360, 362-365, 367-370, 372-379, 381-388).

8.      Lieberman admits the allegations of Paragraph 8.

9.      Lieberman believes the allegations of Paragraph 9 to be true to the best of her knowledge and information.

10.     Lieberman admits the allegations of Paragraph 10.

11.     Lieberman admits the allegations in Paragraph 11 as to her filing a Motion (Ga. No. ) in the other Georgia case seeking to set aside the Default Judgment (Ga. No. 7), but denies that it is pending. This Court denied her Motion(a) to Dismiss, for Reconsideration, and to Set Aside Default Judgment (Ga. No. 17) by its Order dated Feb. 2, 2023, (Ga. No. 25). Lieberman then filed her Rule 60(b) Motion(s) to Vacate and for Reconsideration on June 30, 2023, which remain pending. 12. Lieberman admits the allegations of Paragraph 12, to the best of her knowledge and information.

13.     Lieberman admits the allegations of Paragraph 13.

14.   Lieberman denies the allegations of Paragraph 14 as to there being any
failure on her part to notify either the Rhodes, through their buyers' agent,
or Campbell & Brannon, the closing company, of the lien El Torro and
Uballe attempted but failed to file on the Springfield Dr. property on Feb.
24, 2022. It was not until Friday, February 25, 2022, that Lieberman first
learned of the intention and/or attempt by El Torro and Uballe to execute the
invalid Default Judgment (Ga. No. 7). Lieberman had realized as she
worked on her responsive pleadings, even taking the facts in El Torro and
Uballe's Complaint (Ga. No. 1) as true, they would not support diversity
jurisdiction. El Torro and Uballe's former counsel FisherBroyles had
alleged Lieberman was added as a member of the very LLC they were
representing in suing her (with supporting documentation attached as Ex. A
to the Complaint, Ga No. 1), a fatal error that can only be explained by
counsel's failure to understand the correct standard for establishing
citizenship of LLCs, which are attributed the citizenship of each individual
member. FisherBroyles committed malpractice in mistakenly citing in the
Complaint the citizenship standard for a corporation instead of an LLC,
wrongly thinking diversity existed because El Torro's citizenship would be
its state of registration and principal place of business. Lieberman's
argument as to spoilt diversity and other procedural defects of the Default

6

Judgment is currently pending by way of her Rule 60(b) Motion to Vacate

the Default Judgment and Set Aside Clerk's Entry of Default (Ga. No. 27)

in the other Georgia case before this Court, as well as in the enforcement

action in the U.S. District Court for the Western District of

Tennessee, whose denial of her Rule 60(b) Motion to Vacate is on appeal to the

U.S. Court of Appeals for the Sixth Circuit. FisherBroyles again committed

malpractice in an attempt to enforce the defective Default Judgment (Ga. No. 7) by

filing an Affidavit in the Dekalb County real property records, but otherwise

failing to record the Affidavit, the Default Judgment, or a Writ of Execution in the

General Execution Docket in Dekalb County, as required to perfect a lien in the

State of Georgia pursuant to O.C.G.A. § 9-12-81. Lieberman was the sole owner

of the Springfield property and had decided the market was right to sell. At that

time, the property was under contract with the Rhodes, and set to close on

Monday, February 28, 2022. On February 25, 2022, Lieberman, who had been

busily drafting her responsive pleadings in the El Torro case before this Court, first

learned of the attempt to place a lien on the Springfield property. That same day

she went to the federal courthouse to personally file her Proposed Answer and

Counterclaims (Ga. No. 13), Emergency Motion(s) for Extension of Time, to Set

Aside Default Judgment, and for Waiver to File Electronically (Ga. No. 10),

Motion for Joinder (Ga. No. 11), and Motion for Rule 11 Sanctions (Ga. No. 12) in

the case. As soon as she left the courthouse, Lieberman, who was not represented

by a realtor but handling the sale of her property herself, contacted the closing

company, Campbell & Brannon, LLC, by phone and text to notify the company of

El Torro and Uballe's attempt to place a lien on the Springfield Dr. property. See

Ex. A, Lieberman's Texts with Campbell & Brannon, Feb. 25, 2022.

Lieberman explained to Erica Williams, the Campbell & Brannon associate

assigned to her closing, what she knew of the attempted lien, the litigation from

which it arose. Id. She then asked Williams if she could speak with the Campbell

& Brannon attorney who would be handling the closing, as a matter of urgency, to

obtain advice and recommendations as to the proper procedure(s), as well as

discuss potential options for handling this type of situation, including (should the

lien be perfected before closing) the possibility of establishing an escrow account

to hold any disputed funds pending resolution of the court case. Id. Williams took

Lieberman's information and promised to forward her message to the relevant

personnel. Id. No attorney or anyone else from Campbell & Brannon ever

contacted Lieberman either that weekend or otherwise communicated with her on

Monday morning, February 28, 2022, before the closing. Not hearing back from

Campbell & Brannon, Lieberman next contacted Kelli Phillips of Kelli Phillips

Realty Group, the buyers' agent representing the Rhodes, by phone and text. See

8

Ex. B, Lieberman's texts with Kelli Phillips, Buyers' Agent for Alan and
Alexandra Rhodes, Feb. 26, 2023. Phillips was Lieberman's only means of
communication with the buyers, as she had never been provided with a phone
number, email address, or other way to communicate directly with the Rhodes
before the closing. Phillips had explained after Lieberman accepted the Rhodes'
offer that all communication being funneled solely through the buyers' agent is
customary in real estate transactions. Lieberman wanted to update Phillips, give
her the background on the potential lien, the litigation from which it arose, and to
discuss possible options for how the Rhodes would prefer to handle the closing on
the property. Id. Phillips informed her that Campbell & Brannon had also
contacted her with an update, that the closing attorney had been notified, and he or
she would pull the property records again Monday morning. Id. After the final
records search shortly before the closing, if the lien appeared in the search, she
advised that the Rhodes and Lieberman could discuss potential options for how to
handle the situation at that time. Id. On the other hand, if the lien was not properly
filed in the records, there would be no need for that discussion. Id. Lieberman was
very apologetic toward her clients, and felt terrible that there was any potential
issue at all. Id. She told Phillips she would honor whatever the Rhodes wished to
do. Lieberman first offered to delay the closing until the matter was resolved, but
Phillips informed her that the Rhodes, who were expecting their first child, were

9

already en route driving their moving truck from Washington state to Atlanta, and were anxious to start preparing their new home for the baby. Another option Lieberman offered was for the Rhodes to move into the Springfield Dr. property and rent it on a monthly basis until the legal issues were resolved, at which time the sale of the property would be finalized. Lieberman offered up another possible scenario, sharing with Phillips the message she had left for Campbell & Brannon to share with the closing attorney regarding setting up an escrow account in the event the lien was perfected on the property, in which case the sale could go through without impact on the Rhodes. Finally, Lieberman expressed to Phillips that she would understand if the Rhodes preferred to back out of the sale altogether, that it would not be a problem. Phillips informed Lieberman that the Rhodes wished to proceed with the very much wished to proceed with the sale as scheduled on February 28, 2022, especially given that there was no lien yet on the property. Id. So, all parties, including the Rhodes (represented by family members as proxy and buyers' agent Kelli Phillips), and the closing company Campbell & Brannon, in full knowledge of the potential for the lien being filed, but finding none after another clear records search, closed on the Springfield Dr. property for $825,000, as planned for February 28, 2022, and the Rhodes took possession of their new home later that day.

10

15.  Lieberman admits the allegations of Paragraph 12, to the best of her knowledge and information.

16.  Lieberman admits the allegations of Paragraph 16, to the best of her knowledge and information.

17.  Lieberman incorporates by reference her Answers to Paragraphs 1 through 16 of her Answer and Defenses as if fully restated herein.

18.  Lieberman admits the allegations of Paragraph 18, to the best of her knowledge and information.

19.  Lieberman admits the allegations of Paragraph 19, to the best of her knowledge and information.

20.  Lieberman admits the allegations of Paragraph 20, to the best of her knowledge and information.

21.  Lieberman admits the allegations of Paragraph 21, to the best of her knowledge and information.

22.  Lieberman admits the allegations of Paragraph 22, to the best of her knowledge and information.

23.  Lieberman incorporates by reference her Answers to Paragraphs 1 through 22 of her Answer and Defenses as if fully restated herein.

24.  Lieberman admits the allegations of Paragraph 24, to the best of her knowledge and information.

25.   Lieberman admits the allegations of Paragraph 25, to the best of her knowledge and information.

26.   Lieberman admits the allegations of Paragraph 26, to the best of her knowledge and information.

27.   Lieberman admits the allegations of Paragraph 27, to the best of her knowledge and information.

28.   Lieberman admits the allegations of Paragraph 28, to the best of her knowledge and information.

WHEREFORE, Defendant April Lieberman represents to the Court the following:

a.   Lieberman joins in the Rhodes Plaintiffs' request for this Court to issue an Order declaring that the Affidavit and attached Default Judgment recorded on February 24, 2022, in Deed Book 30148, Page 655 of the DeKalb County, Georgia, real estate records is legally invalid as a lien upon the Property, and that the Plaintiff hold title to the Property free and clear of any purported interests of El Torro, Uballe, or herself; and

b.   Lieberman joins in the Rhodes Plaintiffs' request for this Court to issue an Order cancelling and setting aside the Affidavit and attached Default Judgment (ECF No. 1, Exs. B-C), recorded on February 24, 2022, in Deed Book 30148, Page 655 of the Dekalb County, Georgia, real estate

records in order to remove this instrument as a cloud upon Plaintiffs' title to the Property; and

c.  Lieberman joins in the Rhodes Plaintiffs' request for this Court to instruct the Clerk of Court of DeKalb County to record a true and correct copy of the Order with appropriate cross-referencing to the deeds affected by this Order in the DeKalb County, Georgia, real estate records declaring the parties' rights, so that record notice of same is provided; and

d.  Lieberman provides additional grounds to quash and set aside the Affidavit and Default Judgment (ECF No. 1, Exs. B-C) restricting the Springfield Dr. property, pointing the Court's attention to the $115,865 wire transfer (Notice of Wire Transfer of $115,865, Tenn. No. 33) she deposited into the treasury of the U.S. District Court for the Western District of Tennessee on Aug. 30, 2023. These funds serves as surety in full to protect El Torro and Uballe's financial interests in the Default Judgment during her stay on appeal (see Order Granting Mo for Stay, Tenn. No. 34), which is to remain in effect pending the final resolution of all issues after appeal or voluntary review in both the underlying Georgia case, El Torro v. Lieberman, No. 1:21-cv-04679 (N.D. Ga. filed Nov. 21, 2021) (PACER) (Default Judgment issued despite a lack of

diversity jurisdiction on the face of the Complaint and other procedural

defects), and the Tennessee enforcement action, Uballe v. Lieberman,

No. 1:23-mc-00003-JDB (W.D. Tenn. filed Feb. 15, 2023), appeal

docketed, No. 23-5739 (6th Cir. July 5, 2023) (PACER) (appealing from

the Tenn. court's denial of Lieberman's Rule 60(b) Motion to Vacate the

Default Judgment, wherein it erred by refusing to assess de novo (as it

must) the issuing court's lack of diversity jurisdiction). Because the

Default Judgment (Ga. No. 7) has already been secured in full by

Lieberman's cash deposit into the Tennessee court (Tenn. No. 33), any

and all liens El Torro and Uballe hold on Lieberman's real properties,

whether current or former, whether in Tennessee or Georgia, are

superfluous and must be ordered null and void, quashed, set aside, and

removed from the property records as moot (see Ga. Aff. & Def. J (ECF

No. 1, Exs. B-C); Tenn. J. Lien (Tenn. No. 30, Ex. C)). This argument is

especially compelling as regards the Springfield Dr. property, where El

Torro and Uballe's counsel FisherBroyles committed further malpractice

by not recording the lien on the General Execution Docket as required

pursuant to O.C.G.A. § 9-12-81, and where the property was purchased

for full market value in an arms-length transaction by the Rhodes,

innocent third-parties who have never even met any of the parties in this

14

ongoing legal saga, who have done nothing wrong, and are entitled to quiet title and enjoyment of their new home without the regrettable harassment and nuisance legal actions of El Torro and Uballe; and

e.  Lieberman requests this Court to issue an Order for Defendants El Torro and Uballe to Show Cause why they have not already voluntarily withdrawn and removed of their own initiative their Affidavit and Default Judgment (Ga. Aff. & Def. J, ECF No. 1, Exs. B-C) filed against the Springfield Dr. property months ago when they secured judgment liens against Lieberman's real properties in Tennessee (property actually in her name), and even now persist in harassing the Rhodes Plaintiffs with their meritless case even when the **full Default Judgment** has already been **secured in cash** with the court should Lieberman not prevail on appeal. Their failure to act responsibly is an abuse of the judicial system, a waste of this Court's time, and an unnecessary legal headache and expense for the Rhodes; and

f.  Lieberman renews her request for the Court to recuse itself from any case involving her, her plea having been presented for the Court's review in her Rule 60(b) Motion to Vacate (Ga. No. 32) pending in the underlying Georgia case. Lieberman has asked the Court to take judicial notice of its own willful, ongoing judicial misconduct through its

continued membership in the Gridiron Secret Society, a discriminatory

organization, in flagrant violation of Canon 2C of the Code of Conduct

for U.S. Judges. As Lieberman is a member of the protected class against

which the Court openly discriminates, it *must* immediately recuse itself

from this case (Ga. No. 32 at 24-26) if the term "judicial ethics" is to

have any meaning at all; and

g.  For such other and further relief for the Rhodes Plaintiffs as this Court

deems just and proper.


## III.   CERTIFICATION AND CLOSING

Under Fed. R. Civ. P. 11, by signing below, I certify to the best of my

knowledge, information, and belief that Defendant Lieberman's Answer and

Defenses to the Complaint: (1) is not being presented for an improper purpose,

such as to harass, cause unnecessary delay, or needlessly increase the cost of

litigation; (2) is supported by existing law or by a nonfrivolous argument for

extending, modifying, or reversing existing law; (3) the factual contentions have

evidentiary support or, if specifically so identified, will likely have evidentiary

support after a reasonable opportunity for further investigation or discovery; and

(4)  otherwise complies with the requirements of Rule 11.

I agree to provide the clerk's office with any changes to my address where case–related papers may be served. I understand that my failure to keep a current address on file with the clerk's office may result in the dismissal of my case.

This the 18th of September, 2023.

DEFENDANT:


s / April Lieberman

April Lieberman
Defendant Pro Se
208 W. Maple St.
Dresden, Tennessee 38225
(731) 333-2920

aprillieberman@gmail.com


## DECLARATION

I declare under penalty of perjury pursuant to 28 U.S.C. § 1746 and Fed. R. Civ. P. 11(b) that any and all statements of fact in the foregoing DEFENDANT LIEBERMAN'S ANSWER TO DECLARATORY JUDGMENT are true and correct to the best of my knowledge and belief, and my legal arguments are nonfrivolous and supported by existing law. This the 18th day of September, 2023.


s / April Lieberman /
Pro Se Defendant

**CERTIFICATE OF COMPLIANCE**

The undersigned hereby certifies that she has prepared DEFENDANT

LIEBERMAN'S ANSWER TO DECLARATORY JUDGMENT in Times New

Roman 14-pt., double-spaced, with 1" margins on all sides in accordance with LR

5.1 NDGa. This the 18th day of September, 2023.

                                             s / April Lieberman /_____
                                             Pro Se Defendant

**CERTIFICATE OF SERVICE**

    I certify that on the 18th of September, 2023, pursuant to Fed. R. Civ. P. 4, I

emailed the foregoing DEFENDANT LIEBERMAN'S ANSWER TO

DECLARATORY JUDGMENT to counsel of record for all parties:

> **ATTORNEY FOR DEFENDANTS  EL
> TORRO INVESTMENTS, LLC,  AND
> REYNALDO UBALLE:**
>
> Law Offices of Clifford E. Hardwick, IV
> Clifford E. Hardwick, IV
> Georgia Bar No. 325662
> 2860 East Point St., 2nd Floor
> East Point, Georgia 30344 (404)
> 276-2486 (Phone)
> cliffhardwickiv@gmail.com
>
> **ATTORNEYS FOR PLAINTIFFS
> ALAN RHODES AND
> ALEXANDRA RHODES**

Fidelity National Law Group
Monika V. Scott
Georgia Bar No. 558009
monika.scott@fnf.com
Austin E. James Georgia
Bar No. 472117
austin.james@fnf.com
4170 Ashford Dunwoody Rd., Suite 475
Atlanta, Georgia 30319
(770) 325-4835 (Phone)
(404) 479-2591 (Fax)

This the 18th day of September, 2023.

DEFENDANT:

s / April Lieberman
April Lieberman
Defendant Pro Se
208 W. Maple St.
Dresden, TN 38225
(731) 333-2920 (Phone)

aprillieberman@gmail.com

19

## Exhibit A

## Text Messages on Feb. 25, 2023, between April Lieberman and Erica Williams of Campbell & Brannon, the Closing Company, re: Potential Lien on 4827 Springfield Dr., Dunwoody, GA



## **Exhibit B**

**Text Messages on Feb. 26, 2023, between April Lieberman and Kelli Phillips,**
**Buyers' Agent for Alan and Alexandra Rhodes,  re:**
**Potential Lien on 4827 Springfield Dr., Dunwoody, GA**

To: **Kelli Phillips**

To: **Kelli Phillips**

To: **Kelli Phillips**

Hi April. Hope you are doing well. All is ready for closing! We received the final clear to close, and the buyers funds are already wired.

I was planning on coming by the property Monday morning prior to closing just do a quick walk-through, also wanted to drop off a gift that I was going to leave there for the buyers. As they will not be at closing, their power of attorney family members will be closing for them.
Would it be OK for me to come by about 9 or 9:15 before our 10 Am closing ?

Feb 26, 2022 at 12:12 PM

Feb 26, 2022 at 12:12 PM

Hi Kelli, yes, 9:00 or 9:15 works for the walk through. I wanted to know when Alan and Ali are arriving. My cleaner can't come Monday morning, so I was hoping later in the day would be ok?

Also, the crew will be picking up the trailer from the garage and loading up their remaining stuff on Monday as well. I am packing up over the weekend too—so exciting!

One question I do have for you. An old boyfriend of mine file a lawsuit against me—pure harassment, and I found out yesterday he's trying to file a lien. I went down to the courthouse yesterday and filed a motion to dismiss for lack of subject matter jurisdiction. It will be resolved in my favor and likely by early next week.

Have you ever dealt with anything like that? I just couldn't believe it. Is that a decision for the closing attorney or who?

Hi April. Yes totally understand and all that is great they are not expected to arrive until probably Wednesday if all goes well. No problems for the move out of this final items from the trailer on Monday afternoon with the clean out

Regarding the potential lien. We will have them pull info again on Monday and correct as needed

But who do I speak with regarding it being escrowed?

It would be the attorney that's who handles anything on the seller side. I know Erica had reached them after you all chatted. The attorney will be pulling title anything that Hass to be escrowed from your funds would be escrowed on your direction between you and the attorney. It would not affect anything on the buyer side. Let's see what happens Monday with a pull and go from there

To: **Kelli Phillips**

Talk texting to my phone hope that makes sense

👍

Ok, I just didn't want anything to disrupt for your side. It's an annoyance for me. As long as it's escrowed pending the judge's ruling and not paid out, I'm good.

Feb 28, 2022 at 11:31 AM

Closed and funded! Wire should go out ASAP. I'm headed back over to Springfield right now to set a garage door opener out for them somewhere outside. And leave their folder of paperwork

APRIL LIEBERMAN
(731) 333-2020
208 WEST MAPLE STREET
DRESDEN  TN 38225

1 LBS        1 OF
SHP WT: 1 LBS
DATE: 10 SEP 2023

SHIP ATTN  CASE #1 21-CV-04679-MHC
TO:  US DISTRICT COURT CLERK
     STE 2211
     75 TED TURNER DR NW

ATLANTA  GA 30303

GA 303 9-02

**UPS GROUND**
TRACKING #: 1Z 6EA 994 03 7969 1670

BILLING: P/P

ISH 13.00F BIXOLON S 33.5V 08/2



CLEARED

U.S. Marshals Service
Atlanta, GA



US DISTRICT COURT CLERK
75 TED TURNER DR SW
ATLANTA GA 30303

P:REDBL2 :2MY | 222
CNN-7630
1Z6EA994037969 1670
SATO8486 Sep 21 03:57:50 2023
US 3032 MiPPB 23.6.0 SATO8486eL